IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK J. VANDENBURGH, | No. CIV S-08-1247-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| SOLANO COUNTY, et al., | |
| Defendants. | |
| _____ / | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1), filed on June 4, 2008.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

8  Plaintiff names Solano County and Gary Stanton as defendants.  In his complaint,
9  plaintiff's states:

> The Supreme Court has approved of prison policies under which mail from attorneys may be opened and inspected but not read, in the presence of inmates. (citation omitted).  Prisoners have a statutory right in California to correspondence, confidentially with any member of the state bar or holder of public office, provided that prison authorities may open and inspect incoming mail to search for contraband. (citation omitted).  Regulations that permit institutional authorities to read letters to and from an attorney to search for "verbal contraband" or read all "enclosures" in such letters, are invalid.  (citations omitted).

15  It appears from the foregoing that the basis of plaintiff's complaint is some issue regarding his
16  legal mail.

17  Plaintiff has not, however, indicated how either named defendant – Solano
18  County or Gary Stanton – are involved in any alleged constitutional violation.  To state a claim
19  under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions
20  of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436
21  U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the
22  deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act,
23  participates in another's affirmative acts, or omits to perform an act which he is legally required
24  to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740,
25  743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official
26  personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d

1  266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual
2  defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d
3  628, 634 (9th Cir. 1988).
4  	Given that plaintiff names a municipality, the following principles apply.
5  Municipalities and other local government units are among those "persons" to whom § 1983
6  liability applies.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Counties and
7  municipal government officials are also "persons" for purposes of § 1983.  See id. at 691; see
8  also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989).  A local
9  government unit, however, may not be held responsible for the acts of its employees or officials
10 under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S.
11 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not
12 of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the
13 plaintiff must allege that the constitutional deprivation complained of resulted from a policy or
14 custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to
15 withstand dismissal even if it is based on nothing more than bare allegations that an individual
16 defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los
17 Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).
18 	Because it is possible that the deficiencies identified in this order may be cured by
19 amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire
20 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is
21 informed that, as a general rule, an amended complaint supersedes the original complaint.  See
22 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to
23 amend, all claims alleged in the original complaint which are not alleged in the amended
24 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if
25 plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make
26 plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must

be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 11-110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint, filed on June 4, 2008, is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

DATED: June 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

4