IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK J. VANDENBURGH,

    Plaintiff,

vs.

GARY STANTON, Head Sheriff

    Defendant.

_____/

No. CIV S-08-1247DOC (CMK)

<u>O R D E R GRANTING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT</u>

**ORDER**

Before the Court is Defendant Sheriff Gary Stanton's ("Sheriff Stanton" or "Defendant") Motion for Summary Judgment. After considering the moving, opposing and replying papers, and for the reasons that follow, the Court hereby GRANTS Defendant's Motion.

**I. BACKGROUND**

Plaintiff Mark J. Vandenburgh ("Vandenburgh" or "Plaintiff"), a state prisoner at Solano County Jail ("Solano County" or the "Jail") proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On May 28, 2008, Plaintiff filed a grievance with the Solano County Sheriff's Office (the

1

"Sheriff's Office") claiming that the Jail's regulations with respect to legal mail procedures were invalid because they permit institutional authorities to "read letters to and from an attorney to search for 'verbal contraband,' or to read all 'enclosures' such as letters." Pl.'s Opp. Attach. 5.[1] The Sheriff's Office determined Plaintiff's grievance to be unfounded and stated that the county employees do not read inmates' legal mail. Pl.'s Opp. Attach. 6. Plaintiff appealed this response, but the Sheriff's Office denied the appeal because Plaintiff did not provide his original grievance with the appeal. Pl.'s Opp. Attachs. 7-8. The Sheriff's Office also informed Plaintiff he had exhausted all administrative remedies as they applied to this issue. Pl.'s Opp. Attach. 8.

On June 18, 2008, Plaintiff filed another grievance with the Sheriff's Office in which he claimed that "outgoing legal mail is taken and at the discretion of the officer it is read or not. This Facility[,] Solano County Justice Center gives the officers the right to read privileged legal mail without prior warning." Pl.'s Opp. Attach. 2. On June 19, 2008, the Sheriff's Office responded and informed Plaintiff that "Department policy states that inmate legal mail is to be scanned for contraband in the presence of the inmate." Pl.'s Opp. Attach. 3. Plaintiff's grievance was not sustained because it was a "random statement" that was not supported by allegations of wrongdoing by particular officers. *Id.* Plaintiff attempted to appeal this decision. *Id.*

Sheriff Stanton was elected the Sheriff/Coroner of Solano County on July 9, 2001, and continues to hold these positions today. Def.'s Statement of Undisputed Facts ("Def.'s Statement") 1:19-20; Compl. 5. The Solano County Sheriff's Department (the "Sheriff's Department") has adopted policies governing inmate correspondence and the inspection of mail.

---

[1] Plaintiff has failed to comply with Local Rule 56-260(b) which mandates that any party opposing a motion for summary judgment "reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial." Despite Plaintiff's failure to comply, this Court will consider the attachments to his Opposition because he is proceeding *pro se*.

2

Def.'s Statement 1:24-25; Pl.'s Statement of Facts ("Pl.'s Statement") 1:19-21. Once in Jail Administration, the exterior of each piece of legal mail is marked with the location of the inmate who is the intended recipient and staff makes an entry in the inmate legal mail log stating that the inmate received a piece of legal mail. Def.'s Statement 2:3-4; Pl.'s Statement 1:19-21. After being logged in, legal mail is placed unopened in a box before being delivered to the housing units where the module officer in each housing unit opens all incoming legal mail in the presence of the inmate and inspects it for contraband. Def.'s Statement 2:9-11; Pl.'s Statement 1:19-21.

Defendant also claims that the following policies are in place with respect to legal mail: (1) outgoing legal mail is inspected by the module officer prior to the mail being sealed by the inmate; and (2) legal mail will not be read or censored by any staff member except where there is specific documentation to support such action or there is reasonable suspicion that plans are being formulated by the inmate to send or receive contraband, plot an escape, or engage in any other activity that could jeopardize the security of the facility. Def.'s Statement 2-3; Pl.'s Statement 1:19-21. In Plaintiff's statement of facts, he states that he disputes these two policies, apparently because he believes that the policy states that it "forbid[s] module officers from reading outgoing legal mail." Pl.'s Statement 1:22-27.

Plaintiff also disputes the application and enforcement of these policies. Plaintiff alleges that certain unnamed correctional or module officers ("module officers") unlawfully read and inspected Plaintiff's outgoing legal mail for "verbal contraband" directly after he handed the mail to the module officers. Opp. 2:24-28. In addition, Plaintiff claims that the module officers denied him the ability to get copies of "authenticated documents." *Id.* at 2:13-16.

Plaintiff claims that Sheriff Stanton, as Head Sheriff, was responsible for ensuring that module officers did not read his outgoing legal mail. *Id.* at 6:1-7. Plaintiff claims he has suffered emotional and mental suffering which has directly caused a physical injury that is "not visibly apparent." *Id.* at 1:24-27.

On June 4, 2008, Plaintiff filed his original Complaint with the United States District

3

Court, Eastern District of California against Solano County and Sheriff Stanton. On June 27, 2008, Plaintiff was ordered to amend his Complaint by Magistrate Judge Craig M. Kellison because he failed to indicate how either named defendant was involved in any alleged constitutional violation. On July 17, 2008, Plaintiff filed his Amended Complaint solely against Sheriff Stanton. On November 25, 2008, Plaintiff's case was reassigned to this Court and Defendant Sheriff Stanton now moves for summary judgment.

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S. Ct. 993 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S. Ct. 2548 (1986). When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact. *Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); *see also Anderson,*

477 U.S. at 248-49. Furthermore, a party cannot create a genuine issue of material fact simply by making assertions in its legal papers. There must be specific, admissible evidence identifying the basis for the dispute. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1980). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Anderson*, 477 U.S. at 252.

### B. Claims Under 42 U.S.C. § 1983

In order to obtain relief under 42 U.S.C. § 1983, a plaintiff must articulate: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A person causes the violation of rights protected by the Constitution, within the meaning of § 1983, when that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *see also Sanders v. City and County of San Francisco*, 226 Fed. App. 687, 691 (9th Cir. 2007).

Prison officials, when acting in their official capacity, are acting under color of state law. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is not respondeat superior liability under [§] 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted); *see also Preschooler II v. Clark County Sch. Bd. Of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007)**.**

### III. DISCUSSION

Plaintiff raises a number of claims arising from his interactions with the module officers

5

with respect to his legal mail. These claims constitute alleged deprivations of Plaintiff's civil rights under 42 U.S.C. § 1983. While Plaintiff's claims are unfocused, he appears to present two arguments: (1) Solano County's current policy regarding legal mail is unconstitutional, thus he is entitled to judgment as a matter of law against Sheriff Stanton as the officer responsible for that policy and; (2) Sheriff Stanton has acted unconstitutionally for failing to enforce or investigate violations of Solano County's policy.

**A. The Constitutionality of Solano County's Policy**

Plaintiff contends that Solano County's policy regarding inmates' legal mail is unconstitutional. Plaintiff explains that "the policy" to which he refers "instructs module officers to inspect outgoing mail for contraband prior to being sealed by inmate." Opp. 4:17-22. Solano County's policy is undisputed and Defendant has provided the Court with the policy entitled "Solano County Sheriff's Department Custody Division Procedure." Def.'s Statement 3:20-23; Pl.'s Statement 1:16-20; Def. Ex. A.

Plaintiff fails to put forth any evidence demonstrating that Solano County's policy regarding the inspection of legal mail for contraband is unconstitutional. Plaintiff argues that "[t]he United States Supreme Court and the Supreme Court in California have already deemed this facilities [sic] policy invalid." Opp. 3:17-23. However, Plaintiff does not cite to any specific case in support of his contention.

Plaintiff also claims that he "was informed that facility policy permits and gives the module officers the right to *read* for verbal contraband." Opp. 4:24-5:7 (emphasis added). Plaintiff appears to have misinterpreted the practice of "inspecting" inmate mail with "reading" inmate mail. The policy states that all mail will not be read or censored by any staff member except where there is specific documentation to support such action or there is reasonable suspicion that plans are being formulated by the inmate to send or receive contraband, plot an escape, or engage in any other activity that could jeopardize the security of the facility. Def.'s Statement 3:1-6. Although the policy allows for "inspection" of legal mail in front of the inmate,

this practice "in no way constitutes censorship, since the mail will not be read." Def.'s Statement 3:20-23; Pl.'s Statement 1:15-20. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). Moreover, "by acceding to a rule whereby the inmate is present when mail from attorneys is inspected, [prison officials] have done all, and perhaps even more, than the Constitution requires." *Wolff* at 577. Therefore, contrary to Plaintiff's argument, case law directs that Solano County's undisputed policy regarding legal mail is constitutional. Defendant is entitled to judgment as a matter of law as to his responsibility for the Jail's current policy.

**B. Failure to Follow Solano County Policy**

Plaintiff claims that even if Solano County's current policy is constitutional, Sheriff Stanton has failed to follow the policy. Specifically, Plaintiff argues that his legal mail is not being "inspected" but rather read by module officers. Opp. 4:24-28. Plaintiff contends that Sheriff Stanton is responsible for investigating the behavior of the module officers because they are his subordinates. *Id.* at 3:11-17. In addition, Plaintiff claims that Sheriff Stanton is generally responsible for all of the conduct of his subordinates. *Id.*

Plaintiff states that Sheriff Stanton failed to "supervise and enforce the policy he alone has the authority to do." Opp. 6:1-6. In order to avoid summary judgment, Plaintiff can longer rely on his pleadings to show that there is a genuine issue of material fact for trial. Plaintiff does not claim that Sheriff Stanton was personally involved in the reading of Plaintiff's mail. Instead, Plaintiff's claim against Sheriff Stanton relies on his supervisory position over the officers actually reading the mail. Plaintiff has not named any of the module officers he accuses of reading his mail. Moreover, Plaintiff has not alleged any facts whatsoever suggesting that Sheriff Stanton had knowledge of the conduct of his subordinates or any facts that demonstrate that Sheriff Stanton could not or would not enforce Solano County's policy. Plaintiff even states that "until he becomes no longer incarcerated . . . plaintiff cannot under these specific set of circumstances expose the intentional abuse of the continuing act of reading plaintiffs [sic] 'outgoing' legal mail." Opp. 2:7-17.

Plaintiff further argues that Sheriff Stanton is generally responsible for the conduct of his subordinates. Although Sheriff Stanton is the Sheriff of the Jail, he is not liable because there is no respondeat superior liability under § 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Sheriff Stanton would only be liable if he "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* Again, Plaintiff has not provided any facts that demonstrate that Sheriff Stanton knew of violations taking place. Even looking at the facts in the light most favorable to Plaintiff, and recognizing that he is proceeding *pro se*, the Court cannot see how a reasonable jury could find that Sheriff acted unconstitutionally in his implementation of Solano County Policy.

Although the Court acknowledges that Plaintiff is reluctant to identify the actual prison officers who were the alleged abusers of his rights, he leaves the Court with no basis on which to find in his favor. Thus, Plaintiff has not demonstrated that there is genuine issue of material fact for trial and Defendant is entitled to judgment as a matter of law.

### IV. CONCLUSION

For the foregoing reasons, Defendant Sheriff Gary Stanton's Motion for Summary Judgment is hereby GRANTED.

_David O. Carter_
UNITED STATES DISTRICT COURT JUDGE
Sitting by Designation

DATED: February 5, 2010